IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY BUCY,

    Plaintiff,

  v.                                                    No. CIV 12-0287 JH/RHS

KARA THOMAS,
NEW MEXICO PROBATION AND PAROLE,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See*

*Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Kara Thomas, who is Plaintiff's state parole officer, conducted a random search of Plaintiff and his residence.  During the search, Defendant required Plaintiff to provide a urine specimen in her presence.  Plaintiff asserts that Defendant's actions amounted to unreasonable search and seizure, in violation of a number of his constitutional protections.  The complaint seeks damages and equitable relief.

The text of the complaint makes allegations only against Defendant Thomas, but the caption and a response (Doc. 7) to a cure-defect order identify Defendant Thomas's employer, New Mexico Probation and Parole, as a Defendant.  An agency of the State is not a "person" for purposes of an action under 42 U.S.C. § 1983.  *See Florez v. Johnson*, 63 F. App'x 432, 435 (10th Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).  The Court will dismiss claims against the New Mexico Probation and Parole.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant New Mexico Probation and Parole are DISMISSED, and Defendant New Mexico Probation and Parole is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Thomas.

_____
UNITED STATES DISTRICT JUDGE